UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

    - v. -                           :          **SUPERSEDING INFORMATION**

HENRY NEVILLE,                      :          S2 15 Cr. 861 (JMF)

         Defendant.            :

- - - - - - - - - - - - - - - - x

## COUNT ONE
### (Conspiracy to Obstruct Justice)

The United States Attorney charges:

### Background

#### Relevant Individuals and Entities

1.   At all relevant times, HENRY NEVILLE, the defendant, was the Group Sales and Marketing Director for an art and antiques dealer (the "Antiques Dealer"), which operated in, among other places, New York, New York and London, England.  At all relevant times, NEVILLE was also the President of the Antiques Dealer's New York operations.

2.   At all relevant times, Argyle Capital Management Corporation ("Argyle") was a private money-management company that was wholly-owned, operated and controlled by Robert A. Olins ("Olins"), an individual not named as a defendant herein.



3.    At all relevant times, American Bank and Trust Company ("AB&T") was a bank chartered in the State of Oklahoma and insured by the Federal Deposition Insurance Corporation ("FDIC").  An individual not named as a defendant herein ("Individual-1") was an Executive Vice President of AB&T.

4.    At all relevant times, an individual not named as a defendant herein ("Individual-2") was an acquaintance of Olins.

The SEC Enforcement Action in the
Northern District of California
(The "Enforcement Action")

5.    On or about December 20, 2007, the Securities and Exchange Commission (the "SEC") filed a civil complaint (the "SEC Complaint") against Olins and Argyle in the United States District Court for the Northern District of California (the "California Court") alleging, in sum and substance, that Olins had violated the securities laws in connection with the offer and sale of securities.  On or about February 25, 2011, the California Court entered a judgment (the "Disgorgement Judgment") which, among other things, ordered Olins and Argyle to pay disgorgement in excess of $3 million.

The Receiver Action in the
Southern District of New York
(The "Receiver Action")

6.    On or about July 27, 2011, the SEC filed an action in the United States District Court for the Southern

District of New York (the "New York Court," together with the California Court, the "Courts") registering the Disgorgement Judgment and, thereafter, requesting that a receiver be appointed to liquidate certain assets belonging to Olins, including a collection of Olins' art and antiques previously appraised to be worth between $8.6 million and $13.8 million (the "Art and Antiques Collection"), and to apply the proceeds of such liquidation toward the Disgorgement Judgment.

      7.   On or about August 9, 2011, the SEC issued a restraining notice to the Antiques Dealer (the "Freeze Order"), which forbade the Antiques Dealer from selling, assigning, transferring or interfering with any items in the Art and Antiques Collection absent approval from the New York Court.

      8.   As a result of a prior defaulted $3.5 million loan to Argyle which had been personally guaranteed by Olins, AB&T had a first and prior security interest in the Art and Antiques Collection.  On or about May 11, 2012, the New York Court issued an order (the "Receiver Order") appointing AB&T as receiver (the "Receiver") of the Art and Antiques Collection. On or about May 17, 2012, HENRY NEVILLE, the defendant, received a copy of the Receiver Order.

      9.   The Receiver Order prohibited Olins, as well as any other person or entity with "possession, custody or control" of any item from the Art and Antiques Collection, from engaging

in any form of side deal, self-help, set-off, or transaction not approved by the New York Court.

## The Offense Conduct

10.   Beginning in or about August 2011 through in or about August 2015, HENRY NEVILLE, the defendant, Olins, and others known and unknown, defrauded the Receiver and obstructed the administration of justice by making, and causing to be made, intentionally false statements in the Enforcement Action and the Receiver Action.  Specifically, Olins devised a scheme, in coordination with NEVILLE, to obscure the true value of an item in the Art and Antiques Collection and to hide assets from the Receiver and the Courts, in order to enrich Olins and the Antiques Dealer.

### Deception to Obtain the Antique Vases from the Receiver at a Depressed Price

11.   From approximately January 2012 through June 2012, HENRY NEVILLE, the defendant, and Olins orchestrated a plan to deceive the Receiver into approving the sale of a Louis XV Porcelain Garniture of Three Vases (the "Vases") for approximately $540,000 in a method designed to keep the Receiver and the Courts from learning that the true value of the Vases exceeded $1 million and that a buyer was lined up to pay that true value, thereby allowing Olins and the Antiques Dealer to retain funds that should have been applied to satisfy Olins'

4

indebtedness to AB&T and the SEC.

12.   By in or about March 2012, HENRY NEVILLE, the defendant, and Olins were aware that a client of the Antiques Dealer ("Client-1") wanted to purchase the Vases and was prepared to pay in excess of $1 million.   Notwithstanding this information, NEVILLE and Olins agreed to tell Individual-1 at AB&T that the Antiques Dealer might have a buyer at the much lower price of approximately $600,000, which, net of commission for the Antiques Dealer, would result in approximately $540,000 for the Receiver.   Despite the fact that NEVILLE and Olins knew that Client-1 was prepared to pay in excess of $1 million for the Vases, both Olins and NEVILLE told Individual-1 that $600,000 was a good value for the Vases and recommended that Individual-1 approve the transaction at that price.

13.   On or about June 14, 2012, based on these representations concerning a prospective buyer willing to pay approximately $600,000, AB&T filed an application in the Receiver Action requesting approval to sell the Vases to the Antiques Dealer for $540,000 (the "June 14 Application").   The June 14 Application contained material misrepresentations, including regarding the prospective sale price of the vases, which HENRY NEVILLE, the defendant, and Olins caused the Receiver to make to the New York Court.   Based on the June 14 Application, the New York Court approved the sale of the Vases

to the Antiques Dealer for $540,000.  Unbeknownst to the

Receiver or the New York Court, more than two months earlier, on

or about April 3, 2012, the Antiques Dealer had already sold the

Vases to Client-1 for approximately $1.3 million.

14.  Olins personally received a total of $460,000

from the resale of the Vases to Client-1 for approximately $1.3

million.  On or about June 16, 2012, two days after the sale of

the Vases from the Receiver for $540,000 was approved by the New

York Court, Olins received $160,000 from the Antiques Dealer.

In order to conceal his receipt of these proceeds from the SEC

and the Courts, Olins directed HENRY NEVILLE, the defendant, to

cause the $160,000 to be wired to an offshore entity bank

account in the Isle of Man (the "Isle of Man Account"), which

account was controlled by Olins, and NEVILLE did so.  Also at

Olins' direction, NEVILLE credited an additional $300,000 from

the sale of the Vases toward an outstanding balance that Olins

owed the Antiques Dealer on the prior unfunded purchase of a set

of antique wall brackets (the "Wall Brackets").  The Antiques

Dealer also received approximately $300,000 from the sale of the

Vases.

## Statutory Allegations

15.  From at least in or about July 2011, up to and

including in or about August 2015, in the Southern District of

New York and elsewhere, HENRY NEVILLE, the defendant, Olins, and

6

others known and unknown, willfully and knowingly did combine,
conspire, confederate and agree together and with each other to
commit an offense against the United States, to wit, obstruction
of justice, in violation of Title 18, United States Code,
Section 1503.

16.  It was a part and object of the conspiracy that
HENRY NEVILLE, the defendant, Olins, and others known and
unknown, would and did corruptly endeavor to influence,
intimidate and impede an officer of a court of the United
States, in the discharge of her duty, and would and did
corruptly influence, obstruct and impede, and endeavor to
influence, obstruct and impede the due administration of
justice, in violation of Title 18, United States Code, Section
1503.

Overt Act

17.  In furtherance of the conspiracy and to effect
the illegal object thereof, the following overt act, among
others, was committed in the Southern District of New York and
elsewhere:

a.  On or about June 21, 2012, HENRY NEVILLE, the
defendant, caused a wire transfer in the amount of $160,000 to
be sent from an account held at a bank in New York, New York to
the Isle of Man Account, an offshore bank account for the
benefit of Olins.

(Title 18, United States Code, Section 371.)

## COUNT TWO
### (Obstruction of Justice)

The United States Attorney further charges:

18.   The allegations contained in paragraphs 1 through 14 of this Information are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

19.   From at least in or about July 2011, up to and including in or about August 2015, in the Southern District of New York and elsewhere, HENRY NEVILLE, the defendant, corruptly endeavored to influence, intimidate and impede an officer of a court of the United States, in the discharge of her duty, and corruptly influenced, obstructed and impeded, and endeavored to influence, obstruct and impede, the due administration of justice, to wit, in connection with a judicial receivership proceeding brought by the United States Securities and Exchange Commission ("SEC") in the United States District Court for the Southern District of New York, NEVILLE caused to be submitted false and misleading documents to the Court.

(Title 18, United States Code, Sections 1503 and 2.)

## COUNT THREE
### (Conspiracy to Commit Bank Fraud)

The United States Attorney further charges:

20.   The allegations contained in paragraphs 1 through 14 of this Information are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

21.   From at least in or about May 2012, up to and including in or about August 2015, in the Southern District of New York and elsewhere, HENRY NEVILLE, the defendant, Olins, and others known and unknown, willfully and knowingly did combine, conspire, confederate and agree together and with each other to commit an offense against the United States, to wit, bank fraud, in violation of Title 18, United States Code, Section 1344.

22.   It was a part and an object of the conspiracy that HENRY NEVILLE, the defendant, Olins, and others known and unknown, would and did knowingly execute, and attempt to execute, a scheme and artifice to defraud a financial institution and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, a financial institution, by means of false and fraudulent pretenses, representations, and promises.

(Title 18, United States Code, Section 1349.)

## COUNT FOUR
### (Bank Fraud)

The United States Attorney further charges:

23.   The allegations contained in paragraphs 1 through 14 of this Information are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

24.   From at least in or about January 2012, up to and including in or about August 2015, in the Southern District of New York and elsewhere, HENRY NEVILLE, the defendant, knowingly executed and attempted to execute, a scheme and artifice to defraud a financial institution and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, a financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, NEVILLE deprived AB&T and the SEC of proceeds from the sales of certain assets to which NEVILLE knew AB&T and the SEC were entitled, and instead converted them to his own use and the use of others.

(Title 18, United States Code, Sections 1344 and 2.)

## COUNT FIVE
### (False Statements)

The United States Attorney further charges:

25.   The allegations contained in paragraphs 1 through 14 of this Information are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

26.   In or about September and October 2015, in the Southern District of New York, HENRY NEVILLE, the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, willfully and knowingly made a materially false, fictitious and fraudulent statement and representation, to wit, NEVILLE made false statements about his involvement and knowledge concerning the purchase and sale of the Vases, in response to questions by federal law enforcement officers.

(Title 18, United States Code, Section 1001.)

### FORFEITURE ALLEGATIONS

27.   As the result of committing the offenses alleged in Counts One through Four of this Information, HENRY NEVILLE, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses.

11

## Substitute Asset Provision

28. If any of the above-described forfeitable property, as a result of any act or omission of HENRY NEVILLE, the defendant,

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of NEVILLE up to the value of the above forfeitable property.

   (Title 18, United States Code, Sections 981 and 982;
    Title 21, United States Code, Section 853;
    Title 28, United States Code, Section 2461.)

_Preet Bharara_
PREET BHARARA
UNITED STATES ATTORNEY

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

HENRY NEVILLE,

Defendant.

---

SUPERSEDING INFORMATION

S2 15 Cr. 861 (JMF)

(18 U.S.C. §§ 371, 1503, 1344, 1349, 1001, and 2.)

PREET BHARARA
United States Attorney

---

---